| | |
|---|---|
| LaMonica Herbst & Maniscalco LLP<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500<br>David A. Blansky, Esq. | **Hearing Date: August 17, 2010 at 9:30 a.m.**<br>**Deadline for objections: August 10, 2010 at 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

                                    Chapter 7

DINUZZO MASONRY, INC.,                  Case No.: 10-70302-AST

          Debtor.
---------------------------------------------------------x

**NOTICE OF MOTION FOR AN ORDER PURSUANT TO RULES 9016 AND 9020
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE (i) COMPELLING
COMPLIANCE WITH THE TRUSTEE'S SUBPOENA; (ii) FINDING PETER DINUZZO
IN CIVIL CONTEMPT; (iii) DIRECTING PETER DINUZZO TO TURNOVER ALL BOOKS,
RECORDS AND DOCUMENTS PURSUANT TO THE TRUSTEE'S SUBPOENA
AND TO SUBMIT TO AN EXAMINATION; AND (iv) AWARDING COSTS AND FEES**

**PLEASE TAKE NOTICE**, a hearing will be held on **August 17, 2010, at 9:30 a.m.**, before the Honorable Alan S. Trust , at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York 11722, Room 960 (the "Court") on the motion of R. Kenneth Barnard, Esq., the Chapter 7 Trustee of the above-referenced estate, by his attorneys, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (i) compelling Peter DiNuzzo's compliance with an order of the Court and the Trustee's subpoena; (ii) finding Peter DiNuzzo in civil contempt; (iii) directing Peter DiNuzzo to turnover all books, records and documents pursuant to the Court's order and Trustee's subpoena and to submit to an examination; and (iv) awarding costs and fees, and for such other, further and different relief as this Court may deem just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE,** that objections ("Objections") to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules,

state with particularity the grounds therefor and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Alan S. Trust, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, the attorneys for the Trustee, Attn: David A. Blansky, Esq., no later than **August 10, 2010 at 4:00 p.m.**, as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope. An objection filed by a party with no legal representation shall comply with §§(b) as set forth in this paragraph.

Dated: Wantagh, New York
      July 19, 2010

                              **LaMonica Herbst & Maniscalco, LLP**
                              Counsel to R. Kenneth Barnard, Esq.,
                              the Chapter 7 Trustee

By:   *s/ David A. Blansky*
        David A. Blansky
        A Member of the Firm
        3305 Jerusalem Avenue, Suite 201
        Wantagh, New York 11793
        (516) 826-6500

| | |
|---|---|
| LaMonica Herbst & Maniscalco LLP<br>3305 Jerusalem Avenue, Suite 201<br>Wantagh, New York 11793<br>(516) 826-6500<br>David A. Blansky, Esq. | **Hearing Date: August 17, 2010 at 9:30 a.m.**<br>**Deadline for objections: August 10, 2010 at 4:00 p.m.** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:

DINUZZO MASONRY, INC.,

       Debtor.
---------------------------------------------------------x

Chapter 7
Case No.: 10-70302-AST

**TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO RULES 9016
AND 9020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
(i) COMPELLING COMPLIANCE WITH THE TRUSTEE'S SUBPOENA;
(ii) FINDING PETER DINUZZO IN CIVIL CONTEMPT;
(iii) DIRECTING PETER DINUZZO TO TURNOVER ALL BOOKS,
RECORDS AND DOCUMENTS PURSUANT TO THE TRUSTEE'S SUBPOENA
AND TO SUBMIT TO AN EXAMINATION AND (iv) AWARDING COSTS AND FEES**

**To:    Honorable Alan S. Trust
United States Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York**

R. Kenneth Barnard, Esq., the Chapter 7 Trustee (the "Trustee") of the estate of DiNuzzo masonry, Inc. (the "Debtor"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, hereby seeks the entry of an Order, pursuant to Rules 9016 and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (a) compelling Peter DiNuzzo to comply with a subpoena served on him by the Trustee and an order of the Court; (b) holding Peter DiNuzzo and the Debtor in civil contempt for their failure to submit to an examination under oath and produce documents in compliance with the Trustee's subpoena and the Court's order; (c) directing Peter DiNuzzo to turnover all books, records and documents identified in the Trustee's subpoena and the Court's order and to appear for an examination under oath; and (d) awarding costs and sanctions against

Peter DiNuzzo for his knowing failure to comply with the Trustee's subpoena and the Court's order, together with such other, further and different relief as the Court deems just and proper, respectfully sets forth and represents the following:

## BACKGROUND

1. On January 19, 2010 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2. By Order dated April 8, 2010, following the motion of Diana G. Adams, United States Trustee, this case was converted to one under Chapter 7 of the Bankruptcy Code.

3. By Notice of Appointment, the Trustee was appointed the interim Chapter 7 Trustee of the estate, and is currently acting in that capacity.

4. Neither the Debtor nor its counsel appeared at the initial meeting of creditors held pursuant to 11 U.S.C. §341(a) on February 19, 2010.

5. By application dated May 18, 2010, the Trustee sought the entry of Order under Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9077-1(a) scheduling a hearing on shortened notice to consider the entry of an Order: (a) pursuant to 11 U.S.C. §§ 105(a), 343, 521, 542 and Bankruptcy Rules 1001, 4002 and 9001(5), (i) designating Peter DiNuzzo ("DiNuzzo") as a person responsible for performing the obligations of the Debtor; (ii) compelling DiNuzzo to file certain schedules to the Debtor's petition, a Statement of Financial Affairs, and a statement of all unpaid Chapter 11 fees of the Debtor; and (iii) directing DiNuzzo to locate and cause to be turned over to the Trustee certain records, files, and other documents of the Debtor now in his actual or constructive possession, custody or control; and (b) pursuant to Bankruptcy Rules 2004 and 9016,

directing the examination of and production of documents by DiNuzzo, individually and on behalf of the Debtor (the "Application").

6. At the time the Trustee filed the Application, the Debtor had failed to file (a) a creditor matrix; (b) a 2016(b) disclosure statement; (c) a Summary of Schedules; (d) Schedules "B", "G" and "H"; (e) a Statement of Financial Affairs; and (f) a statement of unpaid Chapter 11 fees. Subsequent to the filing of the Applications, the Debtor filed each of these documents, except for a statement of unpaid Chapter 11 fees.

7. By order dated May 19, 2010, the Court scheduled an emergency hearing on the Application for May 28, 2010. The Debtor and DiNuzzo consented to the relief sought in the Application, which consent was reduced to a stipulation and order signed by the parties and entered by the Court on May 27, 2010. A copy of the stipulation and order is annexed as part of Exhibit "A".

8. Under the stipulation and order, the Court (a) designated DiNuzzo as the person responsible for performing the duties of the Debtor, (b) directed that "he collect, amass, account for, and physically turn over all of the Debtor's books and records and documents and computers in his actual or constructive possession, to the Trustee's counsel" within ten (10) days of the date of entry of the stipulation and order, (c) required that the Debtor make certain filings within ten (10) days of the entry of the stipulation and order, including the filing of a statement of unpaid Chapter 11 fees, and (d) ordered that DiNuzzo produce the following four categories of documents: (i) a full and detailed accounting related to the Equipment and Vehicles (as defined in the Motion), including, but not limited to, proof of ownership and current value; (ii) copies of any and all bills of sale, UCC Statements, and cancelled checks related to the Equipment and Vehicles; (iii) copies

of any and all bank statements with cancelled checks for any and all accounts of the Debtor for the period beginning January 19, 2008 through the present; and (iv) copies of the Debtor's check register, general ledger and tax returns for the period beginning January 19, 2008 through the present.

9. On June 9, 2010, the Trustee served a subpoena (the "Subpoena") and copy of the stipulation and order on the Debtor and DiNuzzo, through their counsel. A copy of the subpoena is annexed as part of Exhibit "A". The Debtor and DiNuzzo consented to service through their counsel under the stipulation and order. See Exhibit "A". The Subpoena required that DiNuzzo and the Debtor provide responsive documents on or before June 29, 2010 and that DiNuzzo appear for examination under oath, individually and on behalf of the Debtor on July 12, 2010.

10. The Debtor and DiNuzzo have only produced copies of the 2008 federal and state income tax returns for an entity other than the Debtor, which entity has a similar name, and a copy of the title to one vehicle.

11. As of the deadline for the production of documents, the Debtor and DiNuzzo had failed to produce any responsive documents. Notwithstanding that the Debtor's Statement of Financial Affairs states that the Debtor's books and records are within the possession of DiNuzzo an that it had gross income of $25,000.00 during 2009, and that Schedule "B" to the Debtor's Petition reflects that the Debtor had a bank account on the Filing Date, DiNuzzo and the Debtor have failed to provide a single document concerning its financial condition. Contrary to the contents of the Debtor's Petition, Schedules and Statement of Financial Affairs, Debtor's counsel has claimed that no responsive documents exist.

12. Although Debtor's counsel's office confirmed the scheduled date and time of the

deposition with DiNuzzo on Friday, July 9, 2010, he failed to appear at the office of the Trustee's counsel on July 12, 2010, although his counsel was present. After waiting 30 minutes past the scheduled examination start time, the default of DiNuzzo in appearing was noted on the record. The transcript of the examination is annexed as part of Exhibit "B". The reporting service billed the Trustee's counsel $140.00 to appear and note the non-appearance on the record. A copy of the bill is annexed as part of Exhibit "B".

13.    With respect to the attorney's fees, Plaintiff's counsel expended two (2) hours at a rate of $375.00 per hour preparing, filing and serving the instant Motion and annexed proposed order, resulting in total attorneys' fees sought in the sum of $750.00, which sum is reasonable under the circumstances.

14.    Accordingly, the Trustee has been compelled to make the instant motion pursuant to Bankruptcy Rules 9016 and 9020: (a) compelling DiNuzzo's compliance with the subpoena; (b) adjudging DiNuzzo in civil contempt for his failure to comply with the Subpoena; (c) directing DiNuzzo's production of documents and appearance in accordance with the Subpoena; and (d) awarding costs and expenses to the Trustee and his counsel as the Court deems appropriate.

## BASIS FOR RELIEF

15.    This Court, pursuant to Bankruptcy Code § 105, is vested with the power to enforce its own orders by virtue of its contempt powers and there is nothing unconstitutional about this exercise. See Gibbons v. Haddad (In re Haddad), 68 B.R. 944 (Bankr.D.Mass. 1987); In re Johns Manville Corp. 26 B.R. 919 (Bankr. S.D.N.Y. 1983). The civil contempt power is necessary to protect "the due and orderly administration of justice and in maintaining the authority and dignity of the court." Railway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980).

16.     In order to hold a party in civil contempt, the movant must establish a knowing violation of a sufficient, specific and precise order and knowledge of such order. See <u>Fidelity Mortg. Investors v. Camelia Builders, Inc.</u>, 550 F.2d 47, 51 (2d Cir. 1976), <u>cert.</u> denied, 429 U.S. 1093 (1977). "Willfulness is not required and intent is irrelevant because of the remedial and coercive nature of civil contempt." <u>Shillitani v. United States of America</u>, 384 U.S. 364, 368 (1966); <u>In re Damon</u> 40 B.R. 367, 374 (Bankr. S.D.N.Y. 1984). The standard to apply to determine if there is contemptuous activity is clear:

> In order to hold the alleged contemnor in contempt, the court need only (1) have entered a clear and unambiguous order, (2) find it established by clear and convincing evidence that that order was not complied with, and (3) find that the alleged contemnor has not clearly established his inability to comply with the terms of the Order.

<u>Huber v. Marine Midland Bank</u>, 51 F.3d 5 (2d. Cir. 1995).

17.     A subpoena issued under Rule 45 of the Federal Rules of Civil Procedure, as made applicable to this proceeding by Bankruptcy Rule 9016, may be issued either by the clerk of the Court or an attorney, as an officer of the Court. A subpoena issued by an attorney in his capacity as an officer of the Court has the same force and effect as one issed by the clerk of the Court. See e.g., <u>Highland Tank & Mfg. Co. v. PS Intern., Inc.</u>, 227 F.R.D. 374, 380 (W.D.Pa. 2005); <u>U.S. v. Santiago-Lugo</u>, 904 F.Supp. 43, 46 (D.P.R. 1995).

18.     Rule 45(b)(1), as made applicable by Bankruptcy Rule 9016, states, in pertinent part, "[s]erving a subpoena requires delivering a copy to the named person . . . ." Second Circuit Courts that have weighed in on the subject and adopted the minority view that personal service is not required by Rule 45. In <u>First Nationwide Bank v. Shur (In re Shur)</u>, 184 B.R. 640, 642 (Bankr.E.D.N.Y. 1995), the Court held that personal service is not required under Rule 45. The Court stated that "'delivering' a copy of a subpoena, for purposes of Rule 45, includes any act or series of acts that reasonably assures the entity any act or series of acts that reasonably assures the

entity to which it is addressed fair and timely notice of its issuance, contents, purpose and effect." Id. at 642. The Court held that the "only limitation upon service under Rule 45 is that the procedure employed be reasonably calculated to give the non-party actual notice of the proceedings and an opportunity to be heard" Id. at 644 (internal citation omitted).

19.     Similarly, in King v. Crown Plastering Corp., 170 F.R.D. 355, 356 (E.D.N.Y. 1997), the Court stated that the language of Rule 45 does not require in-hand service nor prohibit alternative means of service. The Court reasoned as Rule 45(b)(3) states that proof of service is accomplished by filing with the clerk of the court a "statement of the date and manner of service", the drafters must have contemplated forms of service other than personal service. Id. at 356. Otherwise, the reference to "manner of service" would have been superfluous. The Court concluded that in hand delivery of a subpoena was not required "so long as service is made in a manner that reasonably insures actual receipt of the subpoena by the witness." Id. See also, Cordius Trust v. Kummerfeld, 2000 WL 10268 at *2 (S.D.N.Y.) (alternative service by certified mail was adequate "delivery" under Rule 45 as it "reasonably insures actual receipt of the subpoena by the witness"); First City Texas Houston, N.A. v. Rafidain Bank, 281 F.3d 48 (2d Cir. 2002) (service of a subpoena by attaching a copy to the door and mailing a copy to witness' counsel upheld); Ultradent Products, Inc. v. Hayman, 2002 U.S. Dist. Lexis 18000, at *9-10 (S.D.N.Y. Sept. 24, 2002) (service of a subpoena upon the Secretary of State as designated agent of the corporation pursuant to New York procedural law permitted); Briarpatch Limited, L.P. v. Geisler Roberdeau, Inc., 2006 WL 1311967 at *2 (S.D.N.Y.) (service in accordance with "New York procedural laws should be sufficient to satisfy Rule 45 requirements.").

20.     Here, DiNuzzo was served with the Subpoena and a copy of the stipulation and order through the counsel he shares with the Debtor on July 9, 2010. A copy of the affidavit of service is annexed as part of Exhibit "A". Notwithstanding that service was effectuated in

accordance with the stipulation and order, no documents were produced pursuant to the Subpoena prior to the June 29th deadline and DiNuzzo did not appear for the scheduled deposition. As a result, DiNuzzo is in contempt of the Subpoena and the Trustee has been denied the opportunity to obtain material information concerning the Debtor and its financial affairs.

21.     For the foregoing reasons, the Trustee requests that the Court enter an order: (a) compelling DiNuzzo's compliance with the Subpoena; (b) adjudicating him in contempt of the Subpoena; (c) directing DiNuzzo, individually and on behalf of the Debtor, to turnover all books, records and documents identified in the Subpoena and to appear for an examination under oath; and (d) awarding costs and sanctions against DiNuzzo, individually and on behalf of the Debtor, for his knowing failure to comply with the Subpoena in the sum of $890.00.

22.     No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order granting the relief request herein in the proposed form of order annexed as Exhibit "C", together with such other, further and different relief as the Court deems just and proper.

Dated:  Wantagh, New York
        July 19, 2010

                              **LaMonica Herbst & Maniscalco, LLP**
                              Counsel for R. Kenneth Barnard, Esq.
                              the Chapter 7 Trustee

                        By:    *s/ David A. Blansky*
                              David A. Blansky
                              A Member of the Firm
                              3305 Jerusalem Avenue, Suite 201
                              Wantagh, New York 11793
                              (516) 826-6500

M:\Documents\Company\Cases\DiNuzzo Masonry\Motion for Contempt\NOM and Motion for Contempt.wpd